**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br><br>v.<br><br>Leeto Goclanney,<br><br>                Defendant. | No. CR-21-08089-001-PCT-GMS<br><br>**FINDINGS AND RECOMMENDATION** |

TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:

       Pending before the Court is a third Petition to Revoke Supervised Release filed against Defendant Leeto Goclanney on June 11, 2024 (Doc. 79, Exh. 3). On July 11, 2024, the Defendant submitted the issue of detention to the Court and waived his right to a preliminary revocation hearing (Doc. 87). The Court detained the Defendant as both a flight risk and a danger, and the Court found probable cause that the Defendant violated his conditions of supervised release as alleged in the Petition (Id.). On August 8, 2024, the Defendant entered a denial to the allegations contained in the Petition, and the Court set the matter for an Evidentiary Hearing (Doc. 94).

       With written consents of all counsel and the Defendant (Doc. 92), an Evidentiary Hearing was held before the Magistrate Judge on September 12, 2024 in accordance with Rule 32.1(b)(2), Fed. R. Crim. P. The Magistrate Judge heard testimony from Federal Probation Officer Taylor Roberts; Shelly Osborne, licensed counselor and owner of

contract provider Altis Counseling Associates, LLC ; and Jasmine Captain, security monitor for contract provider Working Alternatives, Inc. The Government's Exhibits One (1) through Seven (7) were admitted into evidence. The matter was deemed submitted for decision on September 12, 2024.

## BACKGROUND

On May 10, 2022, the Defendant pled guilty to the crime of Assault Resulting in Serious Bodily Injury, a Class C felony offense, in violation of 18 United States Code (U.S.C.) § § 1153 and 113(a)(6) (Docs. 26, 27). On September 26, 2022, Chief Judge G. Murray Snow sentenced the Defendant to fifteen (15) months in the Bureau of Prisons and thirty-six (36) months of supervised release (Doc. 40 and Exh.1). The Court ordered that during the term of supervision the Defendant must comply with the mandatory and standard conditions of supervision as adopted by the Court in General Order 17-18, as well as six (6) special conditions (Id.).

On April 3, 2023, a Petition to Revoke Supervised Release was filed (Doc. 42). On September 11, 2023, upon the Defendant's admission to violating Standard Condition #5, the Court revoked Defendant's Supervised Release, committed the Defendant to the Bureau of Prisons for five (5) months and imposed a term of thirty-one (31) months of supervised release (Docs. 62, 63, Exh. 2). The Court affirmed the mandatory and standard conditions of supervision adopted in General Order 17-18 and the additional six (6) special conditions previously imposed (Doc. 63, Exh. 2).

On November 21, 2023, a second Petition to Revoke Supervised Release was filed (Doc. 64). Upon motion of the Government, this Petition was dismissed without prejudice by Order of the Court issued February 14, 2024 (Docs. 75, 78).

## FINDINGS

In the Petition to Revoke Supervised Release filed on June 11, 2024 (Doc. 79, Exh. 3), the Government alleges that the Defendant violated the following special conditions:

A. Special Condition #2 which states, "*You must participate as instructed by the*

*probation officer in a program of substance abuse treatment, which may include testing for substance abuse. If substance use treatment includes inpatient treatment and you object, the probation officer must seek court authorization first. You must contribute to the cost of treatment in an amount to be determined by the probation officer."*

1. Goclanney failed to participate in a program of substance abuse treatment, to wit: On March 11, 2024, Goclanney failed to complete his substance abuse intake with Altis Counseling Associates, LLC. This is evidenced by officer testimony. Grade C violation § 7B1.1(a)(3).
2. Goclanney failed to participate in a program of substance abuse treatment, to wit: On May 24, 2024, Goclanney failed to complete his substance abuse intake with Altis Counseling Associates, LLC. This is evidenced by officer testimony. Grade C violation § 7B1.1(a)(3).

B. Special Condition #6 which states, "*You must reside at and participate in a Residential Reentry Center, a residential substance abuse treatment program, a 12-step based halfway house, a sober-living environment, or any combination there\of as approved and directed by the probation officer for up to 180 days, unless discharged earlier by the probation officer. You must follow all rules and regulations. You shall contribute to programming costs in an amount determined by the probation officer.*

Goclanney failed to follow all the rules and regulations of the residential re-entry center (RRC), to wit: On June 10, 2024, Goclanney was discharged from Working Alternatives, Inc. This is evidenced by Working Alternatives, Inc. Discharge Notice dated June 8, 2024. Grade C violation § 7B1.1(a)(3).

(Doc. 79 at 1-2, Exh. 3).

USPO Taylor Roberts testified that she has supervised the Defendant since November 9, 2023. On November 13, 2023, Officer Roberts met with the Defendant and reviewed his conditions of supervised release with him. He had the opportunity to ask questions, and they went over each condition together. The Defendant indicated to Officer Roberts that he understood his conditions of supervised release.

Officer Roberts instructed the Defendant to enter the residential reentry center (RRC) Working Alternatives, Inc. on February 13, 2024. He was unsuccessfully discharged from the program effective June 10, 2024 for rule infractions summarized in Exhibit 7.

On February 14, 2024, Officer Roberts instructed the Defendant to participate in substance abuse counseling through Altis Counseling Associates, LLC.  Altis Counseling office manager Britany Hardy told Officer Roberts that Ms. Hardy spoke directly with the Defendant by phone to confirm his substance abuse counseling intake appointments.  He was scheduled for an intake on March 11, 2024; April 8, 2024; May 24, 2024; and June 28, 2024.  Ms. Hardy emphasized to the Defendant that he must be on time.  Ms. Hardy informed Officer Roberts that the Defendant failed to appear for his March 11, 2024 and May 24, 2024 appointments. (Exh. 4).  The Defendant was ill and unable to attend on April 8, 2024.  On June 28, 2024 the Defendant was unable to attend because he had been unsuccessfully discharged from his residential reentry center, Working Alternatives, Inc.  Neither the April nor the June appointments are at issue in the pending Petition.

Altis Counseling Associates, LLC owner Shelly Osborne testified that she reviewed the Altis Counseling Associates, LLC records regarding the Defendant.  She stated that the Defendant had been scheduled for an intake on March 11, 2024 and May 24, 2024 with counselor Tyler Quila.  The counselor was present in the office at the time of each appointment.  Records reflect a "no show" for each appointment.  Ms. Osborne testified that a fifteen-minute grace period is given for each patient.  She also testified that the patients are notified of their intake appointments through their RRC case manager, directly, or through their probation officer.  She had no reason to believe that notification did not occur.  Nor has notification been disputed.

Jasmine Captain, a security monitor for residential reentry center (RRC) Working Alternatives, Inc. testified that each resident is familiarized with the rules and regulations at the time of his intake and receives a copy of them.  Clients are not free to come and go from the facility.  Clients receive approved itineraries with exactly where they may go and windows of time for when they may leave and reenter the facility.  If a client is approved to visit a store, the client must go to the approved store only and produce a receipt from the store confirming the visit.  Threats of bodily harm against other residents are against the rules.

Ms. Captain testified that she personally observed and authored the incident reports reflected in Exhibits 5 and 6.  She stated that on June 1, 2024 the Defendant returned to the facility late and produced receipts from stores that were not approved on his itinerary.  She stated that the Defendant's conduct reflected a significant code infraction.  (Exh. 5).  Ms. Captain further testified that the Defendant threatened another resident with bodily harm on June 8, 2024 (Exh. 6).  Threats of bodily harm against residents are never permitted.

The Defendant testified that although he was late to his first substance abuse treatment intake on March 11, 2024, he believed he was within his fifteen-minute window. The Defendant's testimony regarding his timeliness is not credible.  The Defendant testified that he also was late to his subsequent intake on May 24, 2024, and he did not attempt to contact occupants of the building when he arrived.  Therefore, he did not complete his intake with Altis Counseling Associates, LLC.  The Defendant admitted that he visited stores that were not on his approved RRC itinerary and produced receipts from unauthorized stores on June 1, 2024.  He stated that he did not know where the approved store was.  Not knowing where the approved Safeway store was located is a problem easily remedied by asking for directions.  The undersigned does not consider the Defendant's excuse for visiting unauthorized stores to be credible.  The Defendant admitted he did not return to the RRC within his window.  He further admitted that he threatened bodily harm to another RRC resident on June 8, 2024.

Having considered all the information presented, the testimony of the witnesses and exhibits admitted into evidence,

**I FIND** by a preponderance of the evidence the following:

(1) that the Defendant was on supervised release on November 9, 2023;

(2) that the Defendant was aware of his conditions of supervised release effective November 13, 2023;

(3) that the Defendant knowingly and voluntarily failed to participate in a program for substance abuse treatment as directed by failing to complete his intakes on March 11, 2024 and May 24, 2024 at Altis Counseling Associates, LLC in

violation of Special Condition #2 of his conditions of supervised release:

(4) that the defendant knowingly and voluntarily failed to reside at and participate in a Residential Reentry Center and follow all rules and regulations by being unsuccessfully discharged for rule infractions on June 10, 2024 in violation of Special Condition #6 of his conditions of supervised release.

**RECOMMENDATION**

**IT IS RECOMMENDED** that the Defendant be found to have violated Allegation A(1) and (2) (Special Condition #2) and Allegation B (Special Condition #6) of his conditions of supervised release, and that his supervised release be revoked pursuant to 18 U.S.C. § 3583(e)(3).

**ORDER**

**IT IS ORDERED** that a Final Disposition Hearing is set for **November 4, 2024** at **9:30 a.m**., Courtroom 602, Sandra Day O'Connor U.S. Courthouse, 401 W. Washington Street, Phoenix, Arizona 85003, before the Honorable G. Murray Snow.

**IT IS FURTHER ORDERED** that any objection to this Court's findings and recommendation be made by the parties in writing and be specific as to the objection or request made. All objections or requests for supplementation shall be filed within fourteen (14) days of the date of service of a copy of these findings unless extended by an Order of the assigned District Judge.

**IT IS FURTHER ORDERED** that any letters, documents, or other matters Defendant would like the assigned District Judge to consider before disposition (including the English translation of any writings not in English) must be submitted by defense counsel in paper form with the original to the U.S. Probation Office and copies to the assigned District Judge and opposing counsel at least five (5) business days prior to the disposition date or they may be deemed untimely by the assigned District Judge and not considered. No more than ten (10) character letters shall be submitted by defense counsel, unless otherwise ordered by the court. Character letters shall not be mailed directly to the assigned District Judge by any family members or other persons writing in support of the

defendant. Character letters or a notice of such shall not be filed electronically unless otherwise ordered by the court.

**IT IS FURTHER ORDERED** that any motions for upward or downward departures or any disposition memoranda must be filed at least seven (7) business days prior to the disposition date. Responses are due three (3) business days prior to the disposition date. Any motion to continue disposition must be filed promptly upon discovery of the cause for continuance and must state the cause with specificity. Motions to continue disposition filed less than fourteen (14) days before disposition are disfavored.

Dated this 20th day of September, 2024.

Honorable Eileen S. Willett
United States Magistrate Judge